IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Eddie Lee Gordon, | ) |
|                          Petitioner, | ) Civil Action No. 6:06-0819-HFF-WMC |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Ruth Yancey, Warden, FCI-Edgefield; Director of Federal Bureau of Prisons; and United States of America, | ) |
|                          Respondents. | ) |

The petitioner, a federal prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

The petitioner is currently incarcerated at the Federal Correctional Institution, Williamsburg, in Salters, South Carolina. In his petition, he raises as grounds for relief matters relating to his conviction and sentence, which were entered in the United States District Court for the Northern District of Florida, Criminal No. 4:96cr0036 MMP. Specifically, the petitioner argues that:

    (1)    his Indictment was defective because the drug amounts were not specified therein;

> (2)     he is actually innocent of the conspiracy count in his indictment; and
>
> (3)     the use of an out of court statement to ascertain drug quantity violated his Sixth Amendment rights under the Confrontation Clause.

In October 1996, the petitioner was sentenced by the United States District Court for the Northern District of Florida to 360 months imprisonment for conspiracy to distribute cocaine base, in violation of 21 U.S.C. §846; possession with intent to distribute cocaine base, in violation of 21 U.S.C. §841; and felon in possession of a firearm, in violation of 18 U.S.C. §922(g). The petitioner appealed his convictions to the United States Court of Appeals for the Eleventh Circuit. On April 29, 1998, the Eleventh Circuit affirmed the convictions. The Northern District of Florida criminal docket for this case reflects that the petitioner's first §2255 motion was denied on March 30, 1999.[1] The petitioner appealed this §2255 denial and requested a certificate of appealability from the Eleventh Circuit. On January 8, 2002, his certificate of appealability was denied. The petitioner filed three more applications for leave to file a second or successive §2255 motions with the Eleventh Circuit, which were denied on August 25, 2003, August 5, 2004, and May 2, 2005, respectively.

On October 28, 2005, the petitioner filed a §2241 petition in this court. This motion was dismissed on November 23, 2005. On December 15, 2005, he filed a motion for a certificate of appealability in the District of South Carolina, which the court denied on February 1, 2006. At the same time, the petitioner filed a notice of appeal with the Fourth Circuit Court of Appeals. His appeal in that court is still pending. The instant §2241 motion was filed on March 20, 2006.

---

[1] The petitioner mistakenly states on his present petition that he filed a §2255 motion in the Northern District of Florida and that motion was denied by the district court on May 4, 2001.

On April 10, 2006, the respondents filed a motion to dismiss or, in the alternative, to transfer this action to the United States District Court for the Northern District of Florida.  By order filed on April 11, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  The petitioner filed a response to the respondents' motion on April 20, 2006.

## ANALYSIS

The petitioner filed this motion pursuant to 28 U.S.C. §2241 because he had already sought relief under §2255 and had been denied permission to file successive motions on numerous occasions.  He argues that because his prior §2255 petition was denied, that remedy is inadequate because evidence of his new claim was not available at the time that he filed that §2255 petition, and thus he is entitled to file a petition pursuant to §2241.  As the Sixth Circuit Court of Appeals has explained:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255 and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (citations omitted).

However, the fifth paragraph of §2255, the "savings clause," provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

3

28 U.S.C. §2255. Accordingly, "a federal prisoner may bring a claim challenging his conviction or imposition of sentence under §2241, if it appears that the remedy afforded under §2255 is 'inadequate or ineffective to test the legality of his detention.'" *Charles*, 180 F.3d at 755-56 (citing *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997); *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997)). The court in *Charles v. Chandler* went on to state:

> Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate. It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.

*Charles*, 180 F.3d at 756 (citations omitted).

The Fourth Circuit Court of Appeals has held that a §2255 motion is inadequate and ineffective to test the legality of an inmate's detention only when the following three elements are shown:

> (1)   at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2)   subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3)   the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir.2000). A procedural impediment to §2255 relief, such as the statute of limitations or the rule against successive petitions, does not render §2255 review "inadequate." *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997).

Considering the petition in light of the standard set forth in *In re Jones*, it is clear that the petitioner cannot proceed under §2241. In his response to the motion, the petitioner argues that the sentencing court "'omitted' half of [his] statement, conspiracy and

4

drug calculation, therefore a fraudulent representation was affected by a half-truth calculated to mislead" (pet. resp. m. to dismiss 4). As argued by the respondents, the petitioner has not pointed to any change in the substantive law associated with his convictions, and a review of current federal law shows that the acts for which he is currently incarcerated continue to constitute criminal offenses. *See* 18 U.S.C. §922(g), and 21 U.S.C. §§841 and 846.

Since the petitioner's claims cannot be addressed under §2241, his petition should be construed as a motion to vacate, set aside or correct sentence under §2255. A §2255 motion must be brought in the court that imposed the sentence, which in this case would be the United States District Court for the Northern District of Florida. *See* 28 U.S.C. §2255; *Swain v. Pressley,* 430 U.S. 372, 378 (1977). To file a second or successive §2255 motion, a petitioner must receive pre-filing authorization from the appropriate court of appeals. *See* 28 U.S.C. §2255, ¶ 8. When a petitioner does not demonstrate that the court of appeals has authorized a second or successive §2255 motion, the district court has no jurisdiction to consider the merits of the petitioner's claims.

The petitioner's §2255 motion is clearly successive. He admits that the sentencing court denied his previous §2255 motion. Further, it does not appear that the petitioner has received pre-filing authorization to file a successive §2255 motion. Accordingly, based upon the foregoing, the respondents' motion to dismiss should be granted.

                   s/William M. Catoe
                   United States Magistrate Judge

June 28, 2006

Greenville, South Carolina